Gray *vs.* Saffold's Administrators.

by law. The rule, therefore, does not, I think, differ, but is the same as regards every description of estate, so far as relates to the transfer of title on the sale thereof by the administrator. And whether the sale be made in pursuance of an order of court, when the law requires such order, or without it, when not required, the legal title passes through him, and the heir is divested thereof by his act, done as administrator in the manner and according to the conditions and rules prescribed by law. So, where his intestate is, by contract entered into in his life time, bound for the conveyance of land or tenements, the circuit court, on the petition of the party desiring the specific performance, without in any manner noticing the heir, may enforce the performance of such contract by decree against the administrator, and compel him to make, execute, acknowledge and deliver to the petitioner a deed, which shall be as effectual in law and equity, as if it had been executed by the testate in his life. *Rev. St.*, *ch.* 4, *sec.* 167, 168, 169. Thus showing, that the law throughout, makes the administrator the personal representative of his intestate, not only as respects the personal estate, but the real estate also. So the same effect as regards this question, are sections 162 and 163, of the same statute.

The judgment of the circuit court pronounced in this case is, therefore, in my opinion, correct, and ought to be affirmed; wherefore, I dissent from the opinion of this court reversing it. Judgment reversed.

---

## Gray *vs.* Saffold's Administrators.

An administrator can maintain no action against an heir for the recovery of slaves of the intestate by virtue only of his general right as administrator.

This was an action of replevin, determined in the Pulaski circuit court, in September, 1842, before the Hon. John J. Clendenin, one of the circuit judges. Saffold's administrators sued Gray, one of the heirs, for a negro belonging to the intestate. Judgment for plaintiffs

exceptions, setting out the evidence and instructions, in error. One of the instructions asked and refused was, that the plaintiffs could not maintain the action, unless it was necessary they should have possession in order to pay the debts of the estate.

The case was argued here by *Ashley & Watkins*, *Pike & Baldwin*, for plaintiff in error, and *Fowler & Borden*, contra.

*By the court*, LACY J. The main question in this case is whether an administrator of an intestate can maintain an action for the recovery of slaves against the heir. It is certain he cannot, as a general principle; and so it has been determined in *Hill's administrators vs. Mitchell*. The law casts the decent of slaves upon the heir. Under certain circumstances they are made assets *sub modo* in the hands of the administrator for the payment of debts. If these circumstances were shown, whether or not he could maintain the action for the recovery of the possession, is a question upon which we express no opinion, as that point does not arise upon the record. Judgment reversed.